**ORIGINAL**

√B

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 2 1 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY STARTONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| HOME DEPOT, INC., | § | **3-08 CV 1 4 7 4 -B** |
| | § | |
| Defendant. | § | **JURY DEMANDED** |

Incorrectly referred to as

24509

## DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant The Home Depot, Inc. ("Home Depot" or "Defendant") incorrectly referred to as Home Depot, Inc., who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.      Home Depot is a defendant in a civil action pending in the County Court at Law No. 4 of Dallas County, Texas, entitled *Troy Startoni vs. Home Depot, Inc.*; Cause No. 08-06017-D (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibits "A" and "B," as required by *28 U.S.C. § 1446(a)*.

2.      The State Court Action was filed on July 10, 2008. Home Depot was served with process on July 22, 2008 and filed its Original Answer on August 8, 2008.

3.      In his Original Petition, the Plaintiff did not specify the total amount of damages he is seeking in the lawsuit. However, in the Petition, the Plaintiff does contend that, as a result of the alleged incident in his Petition, he sustained the following injuries: (1) broken ribs; (2) left elbow contusion; (3) back strain; (4) cervical sprain; and (5) right hip pain. The Plaintiff additionally

---

alleges that he was unable to work, in whole or in part, from July 11, 2006 to the present.  In addition to the injuries and loss of wages listed above, the Plaintiff has also pled for damages for past and future medical expenses, lost earnings, pain and suffering and mental anguish, loss of household services, cost of medical monitoring and loss of earning capacity.  Based upon the nature and extent of the injuries claimed, the alleged lost wages, and the other damages claimed by the Plaintiff, both in the past and future, it is likely that Plaintiff's damages are in excess of $75,000.00.  This Notice of Removal, therefore, is timely filed within thirty (30) days of service of process of Plaintiff's lawsuit upon Home Depot.  *See 28 U.S.C. § 1446(b)*.

4.      Plaintiff Troy Startoni is a citizen of the State of Texas.

5.      Home Depot is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Consequently, Home Depot is a citizen of the States of Delaware and Georgia, and the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Home Depot are now and were at the time this action commenced, diverse in citizenship from each other.

6.      The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs.  Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to *28 U.S.C. § 1332*, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

7.      Under *28 U.S.C. § 1446(a)*, venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

8.      Pursuant to *28 U.S.C. § 1446(d),* Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the County Court Clerk of Dallas County, Texas, where the action was previously pending.

9.      **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, The Home Depot, Inc. hereby removes the case styled *Troy Startoni vs. Home Depot, Inc.*; Cause No. 08-06017-D, and respectfully request that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

By: _____
    Arthur K. Smith
    Attorney-in-Charge
    Texas State Bar No.  18534100

    LAW OFFICES OF ARTHUR K. SMITH,
    A Professional Corporation

    507 Prestige Circle
    Allen, Texas  75002
    Telephone:  (469) 519-2500
    Facsimile:  (469) 519-2555

    ATTORNEY FOR DEFENDANT
    THE HOME DEPOT, INC.

## CERTIFICATE OF SERVICE

On the _20th_ day of August, 2008, a true and correct copy of the above and foregoing

pleading was served upon counsel for the Plaintiff via certified mail, return receipt requested, in

accordance with Rule 5 of the Federal Rules of Civil Procedure.

Arthur K. Smith

150008.321\Fed.Notice of Removal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TROY STARTONI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **HOME DEPOT, INC.,** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

**EXHIBIT A**   Index of Documents Filed with Notice of Removal

**EXHIBIT B**   State Court Documents

| TAB NO. | STATE COURT DOCUMENT | DATE FILED |
|---|---|---|
| 1 | Court's Docket Sheet | N/A |
| 2 | Plaintiff's Original Petition | 07/10/08 |
| 3 | Return of Citation for Defendant Home Depot U.S.A., Inc. | 07/21/08 |
| 4 | Original Answer and Special Exceptions of Defendant Home Depot, Inc. to Plaintiff's Original Petition | 08/08/08 |

150008.321\Fed-Not-Removal Index

---

## EXHIBIT A
**INDEX OF STATE COURT DOCUMENTS FILED WITH NOTICE OF REMOVAL**



# DOCKET SHEET
## CASE NO. CC-08-06017-D

| | | |
|---|---|---|
| TROY STARTONI<br>vs. HOME DEPOT, INC. | § <br> § <br> § <br> § | Location:  **County Court at Law No. 4**<br>Judicial Officer:  **TAPSCOTT, KEN**<br>Filed on:  **07/10/2008** |

---

### CASE INFORMATION

Case Type:  **DAMAGES (NON COLLISION)**
Sub Type:  **PERSONAL**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | CC-08-06017-D |
| Court | County Court at Law No. 4 |
| Date Assigned | 07/10/2008 |
| Judicial Officer | TAPSCOTT, KEN |

---

### PARTY INFORMATION

| | | Lead Attorneys | |
|---|---|---|---|
| PLAINTIFF | STARTONI, TROY | | 9 |
| | | WITHERSPOON, VERNON LEE | 2 |
| | | | 3 |
| | | *Retained* | |
| DEFENDANT | HOME DEPOT, INC. | | 4 |
| | | SMITH, ARTHUR K | 5 |
| | | | 2 |
| | | *Retained* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/10/2008 | ORIGINAL PETITION (OCA - NEW CASE FILED) | |
| 07/10/2008 | ISSUE CITATION | |
| 07/10/2008 | **CITATION**<br>HOME DEPOT, INC.                served  07/22/2008 | |
| 08/11/2008 | ORIGINAL ANSWER<br>Party:  DEFENDANT HOME DEPOT, INC.<br>*AND SPECIAL EXCEPTOPNS OF DEFT HOME DEPOT* | |
| 11/17/2008 | **DISMISSAL HEARING** (9:00 AM) (Judicial Officer: TAPSCOTT, KEN) | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

| | |
|---|---|
| **PLAINTIFF** STARTONI, TROY | |
| Total Charges | 206.00 |
| Total Payments and Credits | 206.00 |

# County Court at Law No. 4
# DOCKET SHEET
### CASE NO. CC-08-06017-D

Balance Due as of 8/20/2008                                                    0.00



NO. 08-06017-D

*FILED*
2008 JUL 10 AH 10: 05
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

| | | |
|---|---|---|
| **TROY STARTONI** | § | **IN THE COUNTY COURT** |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **AT LAW NO. ____** |
| | § | |
| **HOME DEPOT, INC.** | § | |
| Defendant. | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** TROY STARTONI, hereinafter called Plaintiff, complaining of and about

HOME DEPOT, INC., hereinafter called Defendant, and for cause of action would show unto the

Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, TROY STARTONI, is an Individual whose address is 737 Victor Road,

Virginia Beach, Virginia 23454.

3.    The last three digits of the driver's license number of TROY STARTONI are 060.

The last three digits of the social security number for TROY STARTONI are 176.

4.    Defendant HOME DEPOT, INC., a Corporation based in Texas, is organized under

the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to

article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and

5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation,

Corporation Service Company at 701 Brazos, Suite 1050, Austin, Texas 78701.  Service of said

Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5.    The subject matter in controversy is within the jurisdictional limits of this court.

6.    This court has jurisdiction over the parties because Defendant is a Texas resident.

7.    Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the

Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions

giving rise to this lawsuit occurred in this county.

## FACTS

8.      At all times material hereto, Defendant HOME DEPOT, INC. was the owner of the premises located at 12005 Elam Road, Balch Springs, Dallas County, Texas 75180.

9.      On or about July 11, 2006, TROY STARTONI was an Invitee on property controlled by the Defendant, and was injured under the following circumstances: Plaintiff was working for a constuction crew with Sunbelt Resources, Inc. at Defendant's Balch Springs, Texas facility, when he fell 12-to-15 feet striking his head, breaking his ribs, and injuring his right hand, hip and back.

## LIABILITY OF DEFENDANT HOME DEPOT, INC.

10.      At all times mentioned herein, Defendant HOME DEPOT, INC. owned the property in question, located at 12005 Elam Road, Balch Springs, Dallas County, Texas 75180.

11.      At all times mentioned herein, Defendant HOME DEPOT, INC. had such control over the premises in question that Defendant HOME DEPOT, INC. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

12.      On or about July 11, 2006, TROY STARTONI was an Invitee on the premises owned by the Defendant when TROY STARTONI was injured as a result of the acts and omissions of the Defendant.

## LIABILITY OF DEFENDANT HOME DEPOT, INC.
### UNDER GENERAL NEGLIGENCE THEORY

13.      Defendant owed TROY STARTONI and others similarly situated the duty to create a safe working environment for Plaintiff and other similarly situated.

14.      Defendant breached said duty by allowing Plaintiff to climb 12-to-15 feet and engage in such high risk activity, which constitutes negligence and was a direct and proximate cause of the injuries sustained by the Plaintiff.

## PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT
### OF KNOWINGLY ENGAGING IN HIGH RISK ACTIVITY

15.      As above mentioned, Defendant Home Depot, Inc. failed to maintain a safe working environment for Plaintiff on July 11, 2006. Plaintiff was injured when ordered to climb 12-to-15 feet, allowing Plaintiff to engage in high risk activity. which created or perpetuated a danger to

Plaintiff TROY STARTONI, and any other employee at the job site. Plaintiff was injured by or as a result of the negligent conduct of that activity.

16.    The negligent, careless or reckless acts and omissions of Defendant consisted of one or more of the following:

    A.  Defendant failed to provide adequate equipment for safe performance at the job site;

    B.  Defendant failed to discover and remove the unsafe conditions at the job site within a reasonable time;

    C.  Defendant failed to train employees in proper safety procedures at the job site; and

    E.  Defendant failed to warn Plaintiff TROY STARTONI of the unsafe conditions inherent in performing his job functions.

17.    Due to the above aforementioned acts and omissions, Plaintiff, therefore, in addition to a claim for general negligence, invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas. Defendant Home Depot, Inc. is strictly liable for the injuries and damages to Plaintiff as described herein, and further due to the circumstances and nature of the situation from which the accident arose.

## PLAINTIFF'S CLAIM FOR LOSS OF WAGES

18.    Plaintiff sustained injuries from the incident in question from July 11, 2006 through the present date and was unable to work, in whole or in part, sustaining a loss of wages for which Plaintiff requests damages.

## PROXIMATE CAUSE

19.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

20.    Defendant HOME DEPOT, INC.'s acts or omissions described above, when viewed

from the standpoint of Defendant HOME DEPOT, INC. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant HOME DEPOT, INC. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

21.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant HOME DEPOT, INC.

### DAMAGES FOR PLAINTIFF TROY STARTONI

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff TROY STARTONI was caused to suffer broken ribs, left elbow contusion, back strain and ultimately cervical sprain and right hip pain, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

23.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff TROY STARTONI has incurred the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff TROY STARTONI for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B.      Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Mental anguish in the past;

E.      Physical pain and suffering in the future;

F.      Mental anguish in the future;

G.      Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Loss of Household Services in the past;

J.      Loss of Household Services in the future; and

K.      Cost of medical monitoring and prevention in the future.

24.   By reason of the above, Plaintiff TROY STARTONI has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TROY STARTONI, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Vernon L. Witherspoon
Texas Bar No. 21828500

LAW OFFICES OF VERNON L. WITHERSPOON
101 N. MacArthur Blvd.
Irving, Texas  75061
(972) 254-3148
Fax: (972) 253-0611

ATTORNEY FOR PLAINTIFF
TROY STARTONI

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY



Form No. 412 - CITATION

# THE STATE OF TEXAS

CAUSE NO. CC-08-06017-D
COUNTY COURT OF DALLAS COUNTY COURT AT LAW NO. 4
Dallas County, Texas

FILED

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

TO:

HOME DEPOT, INC.
SERVE CORPORATION SERVICE COMPANY
701 BRAZOS SUITE 1050
AUSTIN TX 78701

PLAINTIFF
TROY STARTONI

VS.

HOME DEPOT, INC.
DEFENDANT, filed in said Court on the 10th day of July, 2008, a copy of which accompanies this citation.

"You have been sued. You may employ an attorney. If you or your attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas, at the Court House of said County 600 Commerce Street Suite 101, Dallas, Texas 75202.

WITNESS: JOHN WARREN, Clerk of the County Courts of Dallas County, Texas.
GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 10th day of July, 2008 A.D.

JOHN WARREN, Clerk, County Court, Dallas County Court at Law No. 4, Dallas County, Texas.

By:_____
VALERIE RAMOS
Deputy

ATTY
RECORD CITATION

CC-08-06017-D
County Court at Law No. 4
Dallas County, Texas

TROY STARTONI
Plaintiff

VS.

HOME DEPOT, INC.
Defendant

ISSUED THIS
10th day of July, 2008

HOME DEPOT, INC.
SERVE CORPORATION SERVICE
COMPANY
701 BRAZOS SUITE 1050
AUSTIN TX 78701

John F. Warren, County Clerk
BY: VALERIE RAMOS, Deputy

Attorney for Plaintiff
VERNON LEE WITHERSPOON
KIRST & WITHERSPOON
101 N MACARTHUR BLVD
IRVING          TX   75061
972-254-3148

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

Came to hand on the _18th_ day of _July_ A.D., 20_08_, at _1:21_ o'clock _P_. M. and executed by delivering to _Austin_ _Home Depot Inc at Corporation Service Company 701 Barness St Suite 1050 Austin TX 78731_ on the _22nd_ day of _July_ A.D., 20_08_, at _10:18_ o'clock _A_. M., the within named Defendant, in person, a true copy of this Citation, together with a copy of original petition with date of service marked thereon.

**Fees**

Serving: _____ $_____
Mileage _____ $_____
Notary _____ $_____
   **Total**    $_____

_T Ravis_ _____ County, Texas

Deputy Constable, _P_ _____ Deputy
Sean Williams

(Must be verified if served outside the State of Texas, or if served in Texas by anyone other than a Sheriff or Constable )

_____

Signed and sworn to by the said _____

before me this _____ day of _____ ,20_____ , to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____



NO. 08-06017-D

FILED

| | | |
|---|---|---|
| TROY STARTONI, | § | IN THE COUNTY COURT 21 |
| | § | |
| Plaintiff, | § | JOHN F. WARREN |
| | § | COUNTY CLERK |
| v. | § | DALLAS COUNTY |
| | § | AT LAW NO. 4 |
| HOME DEPOT, INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF DEFENDANT HOME DEPOT, INC. TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Home Depot, Inc. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered cause, and for its Original Answer and Special Exceptions to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### SPECIAL EXCEPTIONS

#### I.

Defendant specially excepts to Plaintiff's Original Petition (the "Petition") in its entirety on the grounds that it fails to specify the maximum damages sought; and pursuant to Tex. R. Civ. P. 47, requests that Plaintiff be required to specify the maximum amount of damages sought in this proceeding. Of which special exception, Defendant prays judgment of the Court.

#### II.

Defendant specially excepts to Paragraph 18 and Paragraph 23 of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and

---

unspecified past and future lost wages.  Defendant is entitled to know the specific types of relief for which Plaintiff seeks recovery; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to replead to specifically identify each type of damages for which he seeks recovery.  Of which special exception, Defendant prays judgment of the Court.

## III.

Defendant further specially excepts to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for "such other and further relief to which the Plaintiff may be entitled at law or in equity."  Defendant is entitled to know the specific types of relief for which Plaintiff seeks recovery; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to replead to specifically identify each type of damages for which he seeks recovery.  Of which special exception, Defendant prays judgment of the Court.

## ORIGINAL ANSWER

## IV.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## V.

In the alternative, Defendant further pleads that the accident in question was proximately caused by one or more third parties over whom this Defendant had no control or right of control.

---

**ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF**
**DEFENDANT HOME DEPOT, INC. TO PLAINTIFF'S**
**ORIGINAL PETITON**                                                    **PAGE 2**

## VI.

Pleading further, Defendant affirmatively alleges that Plaintiff's own negligence was the sole proximate cause, or alternatively, a proximate cause of the incident made the basis of this suit and Plaintiff damages, if any.

## VII.

Pursuant to the Texas Government Code § 52.046 (Vernons 1988), Defendant requests that a court reporter attend all sessions of the Court in conjunction with this civil action.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this action and that Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation

By: _____
Arthur K. Smith
State Bar No. 18534100

507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (479) 519-2555

ATTORNEYS FOR DEFENDANT
HOME DEPOT, INC.

**ORIGINAL ANSWER AND SPECIAL EXCEPTIONS OF**
**DEFENDANT HOME DEPOT, INC. TO PLAINTIFF'S**
**ORIGINAL PETITON**                                            **PAGE 3**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____8th_____ day of August, 2008, a copy of the foregoing pleading was forwarded via U.S. first class mail to all counsel of record.

_____
Arthur K. Smith

RECEIVED

AUG 2 1 2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



**United States District Court**
**Northern District of Texas**

**3 - 08 CV 1474 - B**

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the
U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the
   number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | County Court at Law No. 4 Dallas County, Texas | 08-06017-D |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
   Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate
   their party type. Also, please list the attorney(s) of record for each party named and
   include their bar number, firm name, correct mailing address, and phone number
   (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Troy Startoni *Plaintiff* | Vernon L. Witherspoon Law Offices of Vernon L. Witherspoon 101 N. MacArthur Blvd. Irving, TX 75061 Telephone: (972) 254-3148 Facsimile: (972) 253-0611 |
   | The Home Depot, Inc. *Defendant* | Arthur K. Smith State Bar No. 18534100 LAW OFFICES OF ARTHUR K. SMITH, a Professional Corporation 507 Prestige Circle Allen, TX 75002 Telephone: (469) 519-2500 Facsimile: (469) 519-2555 |

**Supplemental Civil Cover Sheet**
**Page 2**

3.   **Jury Demand:**

Was a Jury Demand made in State Court?           X     Yes _____ No

If "*Yes*," by which party and on what date?

| Plaintiff | July 10, 2008 |
|---|---|
| Party | Date |

4.   **Answer:**

Was an Answer made in State Court?           X     Yes _____ No

If "*Yes*," by which party and on what date?

| The Home Depot, Inc. | August 8, 2008 |
|---|---|
| Party | Date |

5.   **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                              **Reason(s) for No Service**

None.

6.   **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                              **Reason**

None.

7.   **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Supplemental Civil Cover Sheet**
**Page 3**

| Party | Claim(s) |
|---|---|
| Plaintiff | Premises Liability |
| Defendant | Deny All Claims |

150008.321-Fed.Supp.Civil Cover Sheet.doc

**JS 44** (Rev. 12/07)  **CIVIL COVER SHEET**  ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED  AUG 21 2008  CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3 - 08 - 1474 - B

**I. (a) PLAINTIFFS**
Troy Startoni

**DEFENDANTS**
The Home Depot, Inc.

**(b)** County of Residence of First Listed Plaintiff  Princess Anne County, Virginia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Vernon L. Witherspoon, Law Offices of Vernon L. Witherspoon, 101 N. MacArthur Blvd., Irving, TX 75061 (972) 254-3148

Attorneys (If Known)
Arthur K. Smith, Law Offices of Arthur K. Smith, 507 Prestige Circle, Allen, TX 75002 (469) 519-2500

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance, ☐ 120 Marine, ☐ 130 Miller Act, ☐ 140 Negotiable Instrument, ☐ 150 Recovery of Overpayment & Enforcement of Judgment, ☐ 151 Medicare Act, ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans), ☐ 153 Recovery of Overpayment of Veteran's Benefits, ☐ 160 Stockholders' Suits, ☐ 190 Other Contract, ☐ 195 Contract Product Liability, ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation, ☐ 220 Foreclosure, ☐ 230 Rent Lease & Ejectment, ☐ 240 Torts to Land, ☐ 245 Tort Product Liability, ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Federal Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☒ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice, ☐ 365 Personal Injury - Product Liability, ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting, ☐ 442 Employment, ☐ 443 Housing/Accommodations, ☐ 444 Welfare, ☐ 445 Amer. w/Disabilities - Employment, ☐ 446 Amer. w/Disabilities - Other, ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence, ☐ 530 General, ☐ 535 Death Penalty, ☐ 540 Mandamus & Other, ☐ 550 Civil Rights, ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture, ☐ 620 Other Food & Drug, ☐ 625 Drug Related Seizure of Property 21 USC 881, ☐ 630 Liquor Laws, ☐ 640 R.R. & Truck, ☐ 650 Airline Regs., ☐ 660 Occupational Safety/Health, ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act, ☐ 720 Labor/Mgmt. Relations, ☐ 730 Labor/Mgmt.Reporting & Disclosure Act, ☐ 740 Railway Labor Act, ☐ 790 Other Labor Litigation, ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION: ☐ 462 Naturalization Application, ☐ 463 Habeas Corpus - Alien Detainee, ☐ 465 Other Immigration Actions

BANKRUPTCY: ☐ 422 Appeal 28 USC 158, ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights, ☐ 830 Patent, ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW (405(g)), ☐ 864 SSID Title XVI, ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant), ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment, ☐ 410 Antitrust, ☐ 430 Banks and Banking, ☐ 450 Commerce, ☐ 460 Deportation, ☐ 470 Racketeer Influenced and Corrupt Organizations, ☐ 480 Consumer Credit, ☐ 490 Cable/Sat TV, ☐ 810 Selective Service, ☐ 850 Securities/Commodities/Exchange, ☐ 875 Customer Challenge 12 USC 3410, ☐ 890 Other Statutory Actions, ☐ 891 Agricultural Acts, ☐ 892 Economic Stabilization Act, ☐ 893 Environmental Matters, ☐ 894 Energy Allocation Act, ☐ 895 Freedom of Information Act, ☐ 900 Appeal of Fee Determination Under Equal Access to Justice, ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332
Brief description of cause: Personal injury claim based on claims of premises liability

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ not specified  CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/20/08  SIGNATURE OF ATTORNEY OF RECORD  Arthur K. Smith

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____